Shelby L. Williams                State of Texas
100 N. Lamar                      V.S.
Fort Worth Tx 76196               Shelby L. Williams
CID: 0718751                      What the dedantment
                                  name is are Mr.
Case: 1414130                     Williams
S.S.N.                            TO: Judge Jack b. Weinstein

Date of birth 11-18-1988 29 yrs older age

What raze of color I'm black african male full grown men

I live from at 5405 lake Placid Drive Dallas TX 75232

What the state I'm located inside to texas

What high school I'm graduate inside to mexia state school may 25, 2010 nine months away a year 52 weeks 365 days

What is my charge of attempted murder sudden passion first degree felony five ninety nine

What kind citzien I'm not no repeated violent offender came from at Tarrant county Jail Sheriff office 100 North Lamar Fort Worth Texas 76196

② 

Dear, Judge Jack b. Weinstein

I awake on early morning just it eat breakfast then after that I did do going to do washing some kitchen dishes and I told three female staff members tell sara champion leave me alone I was wishing some kitchen dishes everybody and I minding own business alike a very good younger men soming yes Mr. Weinstein I saying the real stripe up the true about it then Sarah Champion just it coming to do disturb me I was wishing kitchen dishes everybody from at my group home 5041 Norma Street fort Worth, Texas 76102 yes Mr. Weinstein and I told to Sarah Champion alike this

a way leave me alone I was trying to do finish all the client and staff member dirty kitchen dishes yes Mr. Weinstein and after that Sarah champion charge of assault on a Public Servant and it is very dangerous to others Public Safety out of free world community yes mr. Weinstein it is alike a Police officer assault Public Servant P.C. third degree felony 46B.103 extension civil commitent go to the state school yes Mr. Weinstein then after that Sarah champion trying to do get very mad me no reason she thinking I not very bad soming are ready been gas P.C. Protective custody charge with assault Public Servant alike a Police officer

yes mr. Weinstein and she get to jealous agitate frustrate stigate sad very violent Physically aggressive toward me from at the group home 5041 Norma Street fort Worth, Texas 76102 yes mr. Weinstein then my female Mexican staff member name is Ms. Charlie tell two black african female staff members just it to do call the staff supervisor and fort Worth Texas Police department on me I did do hitting Striking struggling Pushing Kicking grabbling Stabbing a female Client forty Seven year old Women from at the doris benjamin and Preston ball group home

5041 Norma Street fort Worth, texas 76102 Sunday yes mr. Weinstein and after that I went to do runing inside my own room to do get two ink black pens and I did do pushing one black ▓▓▓ african female staff member by the television t.v. delivery room and pushing another black african female staff member by the dinning room kitchen and I did do start runing out of door from at my own group home 5041 norma street fort Worth, Texas 76102 on church bible study service Sunday yes mr. Weinstein then after that t was three F.P.D. cop cars at by my own group home too yes mr. Weinstein then the Police tooking me at Tarrant county jail Sheriff fort Worth, texas yes Judge Jack

My group home don't like me anymore because why? my attorney at law david moore fire my case worker from at mexia State support living Center yes judge jack and the one was is august 31, 2009 I commit a two crimes assault Public Servant, Terroristic Threat interfere w/ Public Service just it to do Shut down everything limestone county jail sheriff office got from at the city call is groesbeck, T.X. 76642 yes judge jack then after that they puting that all on the fox-4 news everybody television t.v. inside their all peoples and all peoples houses apartments and building destination locations and all people states and all peoples countries what where they live at world all over earth and over sea. a boarder

yes judge jack

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 29 2018 ★
BROOKLYN OFFICE

MISDEMEANORS

2.1    MOTION TO QUASH

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant moves the Court to quash the information against him herein upon the following grounds:

1. Said information fails to show that the complaint therein was filed prior to signing, filing or presentation of said information and the file marks on said information and complaint herein do not show that the complaint was filed prior to the filing of the information.

2. The complaint upon which the information herein is based was signed by _Shelby L. Millins_ but the said _____ was not in fact under oath at the time he signed same and he never actually swore to the truth of the facts alleged in said complaint.

WHEREFORE, Defendant prays that the information herein be quashed and the prosecution based thereon dismissed.

_____
_Shelby L. Millins_
Defendant

The above Motion to Quash the information was duly filed and presented before the date the trial on the merits commenced, and the Court, after considering same, finds that same should be and is hereby _____, [to which ruling of the Court Defendant duly excepts.]

_____
JUDGE PRESIDING

*State v. Dagley*, No. 7024, Bosque County (D.W.I.), Granted.

## STATE PROCEEDINGS

**Note:** Any defect in the **complaint** or information must now be raised by a motion to quash **prior** to the day of trial or is waived. *Aguilar v. State*, 846 S.W.2d 318 (Tex. Crim. App. 1993). Refusal to permit proof that affidavit was not actually sworn to is error. *Murphy v. State*, 103 S.W.2d 765 (Tex. Crim. App. 1937). Wife **cannot** be an affiant to complaint against husband. *Ex parte Gardner*, 264 S.W.2d 125 (Tex. Crim. App. 1954). If complaint is not sworn to before filing of information, information is void. *Hernandez v. State*, 172 S.W.2d 696 (Tex. Crim. App. 1943). Any material variance between the complaint and information is fatal to the information. *State v. Acevedo*, 483 S.W.2d 459 (Tex. Crim. App. 1972); *State v. Baldauf*, 456 S.W.2d 136 (Tex. Crim. App. 1970). If the complaint is void, the information is void. *State v. Baldauf, supra.*

Statute waiving defects in indictment and information does not apply to complaints in **city** or **JP** courts. *Agwirre v. State*, 978 S.W.2d 605 (Tex. App. — El Paso 1998)

Complaint alleging "has reason to believe" without stating "and does believe" is defective. *Stasney v. State*, 151 Tex. Crim. 563, 208 S.W.2d 894 (1948). Complaint by District Attorney or assistant will not support an information. *Kennedy v. State*, 276 S.W.2d 291 (Tex. Crim. App. 1954). Jurat must be dated definitely. *Brown v. State*, 294 S.W.2d 722 (Tex. Crim. App. 1956). Information must show that it is a presentment of the District Attorney and not from the maker of the affidavit. *Sams v. State*, 160 S.W.2d 265 (Tex. Crim. App. 1942).

Failure to file or to hand the information to Clerk for filing prior to trial may be raised in a motion for new trial. *Davis v. State*, 202 S.W.2d 943 (Tex. Crim. App. 1947). Information and complaint should reveal that complaint was filed first. *Baker v. State*, 265 S.W.2d 600 (Tex. Crim. App. 1954). Though two misdemeanors may be charged in one information, if it is impossible to differenti-